OPINION
Defendant-appellant Rick Leckrone appeals the June 23, 1997, Judgment Entry of the Perry County Court of Common Pleas adjudicating appellant a sexual predator as defined in R.C.2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On June 19, 1987, the Perry County Grand Jury indicted appellant on one count of attempted forcible rape in violation of R.C. 2907.02(A)(1)(b) and R.C. 2923.02. The indictment stated that the victim was less than thirteen years of age. At his arraignment on June 27, 1987, appellant entered a plea of not guilty to the charge in the indictment. A Journal Entry memorializing the same was filed on June 19, 1987. On January 5, 1988, appellant withdrew his former plea of not guilty and entered a plea of guilty to the charge of attempted forcible rape. Thereafter, appellant was sentenced to a indefinite term of five (5) to twenty five (25) years in prison. A Judgment Entry memorializing appellant's plea and sentence was filed on January 5, 1988. Appellant on January 5, 1989, filed a Motion for Probation pursuant to R.C. 2947.061. Pursuant to an entry filed on January 13, 1989, the trial court granted appellant's motion, suspended appellant's sentence and placed him on probation for five (5) years upon specified conditions. After he violated the terms of his probation, appellant's probation was revoked pursuant to an entry filed on April 18, 1990. After the enactment of Ohio's version of Megan's Law, R.C. Chapter 2950, the trial court scheduled a hearing on June 18, 1997, to determine appellant's status as a sexual predator. At the June 18, 1997, hearing, appellant's counsel made an oral motion objecting to the proceedings which he claimed were unconstitutional. Appellant's counsel specifically argued that 2950.09 et seq. was being applied retroactively and in violation of the prohibition against double jeopardy. After denying the appellant's motion, the trial court, at the conclusion of the hearing, adjudicated appellant a sexual predator. An Entry memorializing the court's adjudication was filed on June 23, 1997. It is from the June 23, 1997, entry that appellant prosecutes this appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS AND FINDING THOSE PORTIONS OF OHIO'S SEXUAL PREDATOR LAW, O.R.C. 2950.01 ET SEQ. AS THEY APPLY TO APPELLANT, TO BE CONSTITUTIONAL.
 II. THE TRIAL COURT ERRED BY FINDING APPELLANT TO BE A SEXUAL OFFENDER PURSUANT TO O.R.C. 2950.09.
 I
Appellant, in his first assignment of error, argues that R.C.2950.01 et seq. is unconstitutional as applied to appellant because it violates the prohibition in Art. II, Sec. 28 of the Ohio Constitution against retroactive laws. Appellant's first assignment is overruled on the authority of State v. Cook (1998),83 Ohio St.3d 404, State v. Nosic, (February 1, 1999), Stark App. No. 1997CA00248, unreported; and State v. Bair, (February 1, 1999), Stark App. No. 1997CA00232, unreported. Even though Cook, supra. specifically dealt with a factual situation that falls under R.C. 2950.09(B)(1) (in which the defendant was sentenced after the effective date of 2950.09(B)(1), and the case before this court deals with a factual situation that falls under R.C2950.09(C)(1) (in which defendant was sentenced and serving prison time when 2950.09(C)(1) became effective), this court finds the reasoning in Cook to be applicable to the situation before this court. The portion of H.B. 180 dealing with the new classification system for sex offenders (2950.09) became effective on January 1, 1997. The registration, verification and community notification provisions of H.B. 180 became effective on July 1, 1997. The Cook court determined that the registration, verification and notification portions of H.B. 180 did not violate the prohibition against retroactive laws. Citing the New Jersey Supreme Court in Doe v. Poritz (1995), 142 N.J. 1,662 A.2d 367, Cook (p. 412) sets forth the following:
 "if the law did not apply to previously convicted offenders, notification would provide practically no protection now, and relatively little in the near future. The Legislature reached the irresistible conclusion that if community safety was its objective, there was no justification for applying these laws only to those who offend or who are convicted in the future, and not applying them to previously convicted offenders . . . The Legislature concluded that there was no justification for protecting only children of the future from the risk of reoffense by future offenders, and not today's children from the risk of reoffense by previously convicted offenders, when the nature of those risks were identical . . .".
Cook (p. 414) further states,
 "[t]o hold otherwise would be `to find that society is unable to protect itself from sexual predators by adopting the simple remedy of informing the public of their presence.'"
(Citing Doe v. Poritz, 142 N.J. at 109, 662 A.2d at 422) Appellant's first assignment of error is, therefore, overruled.
 II
In his second assignment of error, appellant contends that there was not clear and convincing evidence in the record to support a determination that appellant is a sexual predator as defined in R.C. 2950.01(E). In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined that R.C. Chapter 2950 is remedial, not punitive, in nature. As such, we will review this Assignment of Error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. Accordingly judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellant plead guilty to one count of attempted forcible rape under R.C. 2907.02(A)(1)(b) and 2923.02. R.C. 2950.01(D)(1) and (7) specifies that attempted forcible rape is a sexually oriented offense. In addition, R.C. 2950.09(C)(2) states, that in a hearing to determine if an offender is a sexual predator, "the court shall consider all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) [of2950.09]." (Emphasis added.) R.C. 2950.09(B)(2) sets forth the following factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavior characteristics that contribute to the offender's conduct.
At the June 18, 1997, hearing, William Dawson, who in 1987 was an investigator with the Perry County Children Services, testified about the investigation involving appellant. Dawson testified that he believed appellant was 21 years of old at the time of the offense whereas the victim was seven (7) and that the victim's mother was "real good friends" with appellant's family. Transcript of Proceedings at 5. Dawson was not aware of any prior criminal record for appellant and stated that appellant had not used drugs or alcohol in committing the offense. After considering Dawson's testimony, the trial court adjudicated appellant a sexual predator based on the age of the victim and on the fact that appellant had been convicted of a sexually oriented offense. Upon review of the transcript of the sexual predator hearing, we find the trial court was presented with evidence regarding six of the ten factors listed in R.C. 2950.09(B)(2). Of those six, three mitigate against a determination appellant is a sexual predator [(b), (d), and (e)]; one, arguably two, mitigate in favor of a determination appellant is a sexual predator [(c) and arguably (a)]; and the last is neutral [(f)]. No evidence was presented by the appellee as to factors (g), (h), (i), or (j). Based upon the evidence presented, we do not believe clear and convincing evidence was presented to determine appellant is a sexual predator. Appellant's second assignment of error is sustained.
The judgment of the Perry County Court of Common Pleas is reversed. By Hoffman, P.J. Gwin, P.J. and Edwards, J. concurs in part, dissents in part.